## Parr et al. v. Miller et al.

1. *Schools—Power of Trustees to Organize New Districts.*—School trustees, under the act of the General Assembly approved May 21, 1889, are authorized to organize new school districts out of territory belonging to two other districts, upon a petition signed by the legal voters (two-thirds in number) living within the boundaries of the proposed new district.

**Memorandum.**—Certiorari to the county superintendent of schools. Appeal from a judgment rendered by the Circuit Court of McLean County; the Hon. THOMAS F. TIPTON, Circuit Judge, presiding. Heard in this court at the November term, A. D. 1892, and affirmed. Opinion filed March 6, 1893.

The opinion of the court states the case.

APPELLANTS' BRIEF, FRANK J. PARR, JOHN E. POLLOCK, AND JOSEPH M. WEAKLY, ATTORNEYS.

This is an attempt to organize, under section 48 of the Session Laws of 1889, page 278, which is divided into three paragraphs, a new school district out of two other districts. The petition is in conformity with paragraph three of the section, but not in conformity with the first and second paragraphs of said section. We claim that the petition for the new district must comply with the three paragraphs of the section, and be within the scope of all three in order to confer jurisdiction; and that the petition for the new district was wholly insufficient.

Section 33 of the School Law of the Session Laws of 1887, page 291, for which section 48 of the law of 1889 is a substitute and an amendment, connects each of the three paragraphs set out by the word "or." The laws of 1889, leave out this connecting word. It is believed that the legislature had the intention, therefore, to require a compliance with all three of the paragraphs of section 48.

Under the statute of 1887, a compliance with any one of the paragraphs in said section 33, was all that was necessary to the formation of a new district. The legislature acted wisely in amending the statute so that all three of the paragraphs should be complied with; *e. g.*, under the old statute all of the petitioners might live in one of the old districts, and the other district, which was sought to contribute to the new district, might be despoiled of its territory without a single person in the district desiring it. It will be noticed that the case of Carrico v. The People, 123 Ill. 200, was decided under the law of 1881, which is the same as the law of 1887.

### APPELLEES' BRIEF, WELTY, STERLING & McNULTA, ATTORNEYS.

Appellants raise but two questions.

First: The petition should conform to all of the three paragraphs of section 48, Laws 1889, 278.

Second: There should be some evidence in the record outside of the petition, proving that the allegations in the petition are true.

As to the first point we believe the law of 1889 is identical in sense and substance with the law of 1881 on this point, and as to the requirements of a petition under that law we cite Carrico v. The People, 123 Ill. 198.

The second point has been definitely settled by the courts. The petition needs no verification. The record need show no verification. If the allegations of the petition make a case under the law, it is sufficient to give the trustees jurisdiction, and they must exercise their own discretion as to the manner of considering it and as to their own decision,

being only bound to act in good faith. Trustees v. The People ex rel., 121 Ill. 552; Trustees v. The People ex rel., 25 Ill. App. 25; Brown v. Roberts et al., 23 Ill. App. 461.

The law presumes that they did what it requires of them. Section 53, page 280, Session Laws 1889; McManus v. McDonough, 107 Ill. 95.

OPINION OF THE COURT, BOGGS, J.

The board of trustees of T. 24 N., R. 4, E. 3d P. M., in McLean County, Illinois, organized a new school district composed of territory taken out of two existing districts. This action of the trustees was sustained by the superintendent of schools of the county on appeal.

The school directors of the districts out of which the territory for the new district was taken by petition to the Circuit Court of McLean County, caused the record of the establishment of such new district to be brought into court by a writ of certiorari. The court sustained the record and quashed the writ. This is an appeal by the petitioning directors from the judgment of the Circuit Court.

Two questions only arise: The first is, are school trustees under the act of the General Assembly, approved May 21, 1889, authorized to organize a new school district out of territory belonging to two other districts upon a petition signed only by legal voters (two-thirds in number) living within the boundaries of the proposed new district. The other question is, must the record of the proceedings of the trustees in the organization of such new district, show affirmatively that the allegations of facts contained in the petition were supported by evidence presented to and heard by the board.

The question last mentioned is disposed of by the construction we are disposed to put upon the final sentence of Sec. 53 of the act mentioned, which is as follows: " After the trustees shall consider a petition no objection shall be thereafter raised as to its form, and their actions shall be *prima facie* evidence that all the formal requirements have been complied with." The substance of the proceeding at bar is the proposed change asked for by the petitioners. Before the trustees could consider this question, certain

requirements of the statute must be complied with. While these requirements are important and touch the jurisdiction and power of the trustees, yet they are, as to the substance of the proceedings, preliminary, and in a sense formal, and it is in that sense that the word formal is used in said Sec. 53. The preliminaries must be determined by the commissioners before the real matter in issue is considered, and the fact that the commissioners advanced to the consideration of and acted upon the material and substantial matters of the proceeding is, by force of the statute, we think to be accepted as *prima facie* evidence, that all requirements preliminary to a legal consideration of such matters has been complied with.

Whether the petition invested the trustees with power to act remains to be determined. The petition asks for the formation of a new school district out of territory belonging to two other districts.

Trustees have power to make changes in districts only in certain respects as enumerated in Sec. 76, Chap. 122, R. S., (3d Vol. S. & C. Stat. 1159) namely, first, to divide or consolidate districts; second, to organize a new district out of territory belonging to two others; third, to detach territory from one district and add same to another district adjacent thereto.

The powers thus given are not to be exercised by the trustees upon their own motion, but only when they are petitioned so to do. Sec. 77 of the same chapter provides for such petitions, and it is as follows:

"Sec. 77. No change shall be made as provided for in the preceding section, unless petitioned for—

First, by a majority of the legal voters of each of the districts affected by the proposed change.

Second, by two-thirds of the legal voters living within certain territory described in the petition, asking that the said territory be detached from one district and added to another.

Third, by two-thirds of all the legal voters living within certain territory, containing not less than ten (10) families, asking that said territory may be made a new district."

Of the different petitions thus provided, the third, it is clear from the words of the statute, is to be used when the organization of a new district is sought. The petition in the case at bar seeks the creation of a new district, and meets all the requirements of a petition of the third class.

It is, however, urged that it should meet the requirements of each and every class of petitions mentioned in the section. We think not. The purpose of a petition is to empower the trustees to consider the advisability of making the proposed change. If two-thirds of the legal voters, living in certain territory, desire and petition to be detached from one district and added to another, they, we think, have a right to have their desires heard and considered by the trustees. A petition of the second class secures them this right. So, if two-thirds of the legal voters, living in a certain territory, containing not less that ten families, desire and petition that such territory be made a new district, they are entitled to have their desires considered and acted upon by the board of trustees, their petition being of the third class. It must be kept in mind that it is only the right of citizens to have their grievances and desires brought before the trustee for consideration that is involved.

The legal voters of the district or districts affected by the proposed changes, are entitled to be heard before the trustees, or upon appeal, as to the propriety of granting the prayers of such petitioners, but we do not think it was the legislative intent that the requisite number of legal petitioners, who might present a petition of the second or third class, should be denied a hearing, unless a majority of all the legal voters of the district or districts affected by the proposed change, would join in asking that such hearing be granted.

The construction we are constrained to give the statute is consistent with the words employed by the legislature and accords the larger measure of liberty to the citizen.

If the views expressed are correct, it follows that the judgment of the Circuit Court must be, and it is affirmed.